IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REVEREND PATRICK MAHONEY, | ) | Civil Action |
| 4019 Duke of Gloucester | ) | |
| Fredericksburg, VA  22407 | ) | No. _____ |
| | ) | |
| KAITLIN CLARE MAHONEY, | ) | |
| 4019 Duke of Gloucester | ) | |
| Fredericksburg, VA  22407 | ) | |
| | ) | |
| THE CHRISTIAN DEFENSE COALITION, | ) | |
| 109 2nd Street, NE | ) | |
| Washington, DC 20002 | ) | |
| | ) | |
| SURVIVORS OF THE ABORTION | ) | |
| HOLOCAUST, a business transaction name | ) | |
| ("dba") of CRADLES OF LOVE, INC. | ) | |
| 1964 Marlborough Avenue | ) | |
| Riverside, CA 92507 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHERYL CONRAD, Executive Director of | ) | |
| SURVIVORS | ) | |
| 1964 Marlborough Avenue | ) | |
| Riverside, CA 92507 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, A | ) | |
| MUNICIPAL CORPORATION, | ) | |
| 1350 Pennsylvania Avenue, NW, Suite 310 | ) | |
| Washington, DC 20004 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CATHY L. LANIER, In her official capacity | ) | |

| | |
|---|---|
| as Chief of Police, METROPOLITAN POLICE | ) |
| DEPARTMENT, GOVERNMENT OF THE | ) |
| DISTRICT OF COLUMBIA | ) |
| 300 Indiana Avenue, NW | ) |
| Washington, DC 20001, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

The Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the Christian Defense Coalition ("CDC"), Cheryl Conrad, and Survivors of the Abortion Holocaust ("Survivors"), by undersigned counsel, herein state their Complaint and Causes of Action against the District of Columbia and Cathy L. Lanier, Chief of Police:

## INTRODUCTION

1.      By this Verified Complaint, Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Cheryl Conrad and Survivors seek injunctive relief, in the form of a temporary restraining order and a preliminary injunction, barring the District of Columbia, its agents, Chief Lanier, and all those in active concert with any of them, including but not limited to officers of the Metropolitan Police Department ("MPD"), from interfering with their peaceful exercise of constitutionally protected free exercise of religion and free speech, guaranteed to the plaintiffs by the First Amendment of the United States Constitution, with their statutory right to free speech, guaranteed by D.C. Code § 5-331, the District of Columbia First Amendment Rights and Police Standards Act of 2004, and with their statutory right to free exercise of religion, guaranteed by Title 42 U.S.C. § 2000bb, the Religious Freedom Restoration Act, as amended by the Religious Land Use and Institutionalized Persons Act of 2000, Title 42 U.S.C. § 2000cc.

2.      Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors also ask

this Court to declare that the conduct of the defendants violated the plaintiffs' federal constitutional and statutory rights.

## JURISDICTION AND VENUE

3.      In this action under the Declaratory Judgment Act, the First Amendment to the United States Constitution, the District of Columbia First Amendment Rights and Police Standards Act of 2004, and the Religious Freedom Restoration Act, Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors seek declaratory and equitable relief to cure threatened deprivations of their federal rights, all of which have been inflicted or have been threatened to be inflicted by conduct taken by the defendants. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343(a)(4), 2201, and 2202 and 42 U.S.C. § 1983.

4.      Venue is appropriate in the District of Columbia, in accord with 28 U.S.C. § 1391(e), because all of the acts that have been taken or that have been threatened to be taken that would constitute the injury to Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors occurred or  are threatened to occur in the District of Columbia.

## PARTIES

### THE PLAINTIFFS

5.      Reverend Patrick Mahoney is a citizen of the United States and a resident of the Commonwealth of Virginia.

6.      Kaitlin Clare Mahoney is a citizen of the United States and a resident of the Commonwealth of Virginia.

7.      The Christian Defense Coalition is an unincorporated religious association.

8.      Cheryl Conrad is a citizen of the United States and a resident of the State of California.

9.     Survivors is a business transaction name ("dba") of Cradles of Love, Inc, a California nonprofit organization with tax exemption under section 501(c)(3) of the Internal Revenue Code.

## THE DEFENDANTS

10.    The District of Columbia is a municipal corporation organized under the Constitution and laws of the United States. The Honorable Adrian Fenty is the mayor of the District of Columbia, and as such is responsible for executing and administering the District of Columbia's laws, customs, practices and policies. In that capacity, Mr. Fenty is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action.

11.    Cathy Lanier is the Chief of Police, Metropolitan Police Department, District of Columbia, ("MPD"), and as such is vested with authority over the operations of the MPD and its officers, including the Special Operations Division.

## AVERMENT OF FACTS

12.    Reverend Patrick Mahoney is a citizen of the United States.

13.    Mahoney is a resident of the Commonwealth of Virginia.

14.    Mahoney is a Christian.

15.    Mahoney is an ordained minister of the Reformed Presbyterian church, ordained more than 30 years ago.

16.    For more than 30 years, Mahoney has, as Presbyterian minister and a Christian social activist, conducted public prayer vigils, public demonstrations, and public protests.

17.    In his ministry of public activism, Mahoney has sought to fulfill the command of the Word of God, "justice, justice shall you pursue."

18.    Using prayer vigils, demonstrations, protests and similar activities, Mahoney has pursued

justice for the handicapped, the homeless, the forgotten of our society.

19.     A principal focus of Mahoney's pursuit of justice in American society has been the ongoing legality of abortion, which broad policy of legality causes harm and even death to women, and nearly always causes the death of prenatal children.

20.     Kaitlin Clare Mahoney is a citizen of the United States.

21.     Kaitlin Clare is a resident of the Commonwealth of Virginia.

22.     Kaitlin Clare is a Christian.

23.     Kaitlin Clare is the Program Director of the CDC.

24.     In pursuit of justice, Mahoney formed the Christian Defense Coalition ("CDC").

25.     The CDC is an unincorporated association of Christians involved in public activism.

26.     In addition to directing the activities of the CDC, Mahoney and Kaitlin Clare work with religious organizations and pro-life organizations, and individuals around the Nation, including Cheryl Conrad and Survivors.

27.     Cheryl Conrad is a citizen of the United States.

28.     Conrad is a resident of the State of California.

29.     Conrad is a Christian.

30.     Conrad is the Executive Director of Survivors.

31.     Survivors is a business transaction name ("dba") of Cradles of Love, Inc, engaged in religious, pro-life activism.

32.     Cradles of Love, Inc., is a California nonprofit organization with tax exemption under section 501(c)(3) of the Internal Revenue Code.

33.     As Christians, Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and

Survivors are compelled by adherence to the tenets of their religious faith.

34.     The Holy Bible is, in the religious faith of Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors the express Word of God, infallible, and binding upon their consciences and their manner of life.

35.     Although Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors rejoice with Barack Obama's historic win as the first African-American elected President of the United States, they are deeply troubled by his radical support of abortion.

36.     In anticipation of the inauguration and presidency of Barack Obama, together with Kaitlin Clare Mahoney, the CDC, Cheryl Conrad, and Survivors, Mahoney planned and organized a series of activities and strategies under the name, the Birmingham Letter Project.

37.     As part of that project, the Plaintiffs created an internet website describing their interests, purposes, and methods.

38.     That website is http://www.thebirminghamletterproject.com.

39.     The choice of project name deliberately recalls the letter written by Dr. Martin Luther King, Jr., from a Birmingham jail.

40.     Dr. King's letter justified, particularly for pastors and religious adherents that had disapproved his violation of discriminatory local laws and ordinances, his purposes and methods in seeking social justice for African Americans.

41.     Barack Obama's tragic embracing of abortion is a betrayal of social justice and the principles of Dr. Martin Luther King and the Scriptures:

      a.     Barack Obama opposes a ban on the barbaric Partial-Birth abortion procedure.

      b.     Barack Obama said one of the first things he wanted to do as President would be to

pass the Freedom of Choice Act which would codify abortion as a federal right, a result more radical than the Roe v. Wade decision because it would nullify any state or federal law blocking or restricting abortion, and invalidating any limitations the Supreme Court has put on abortion.

c.      As an Illinois state senator, Barack Obama blocked legislation that would have saved newborn children born alive after late term abortions.

d.      As President, Barack Obama wants taxpayer dollars to be used to pay for abortions as part of his health care plan.

e.      During the presidential campaign, Barack Obama said while speculating on the issue if one his daughters became pregnant, that he would "not want them punished with a baby."

f.      Barack Obama would only nominate judges to the Supreme Court and the federal courts that support Roe v. Wade.

g.      Barack Obama's transition team said they would reverse an Executive Order that prohibits promoting abortion in foreign countries with financial aid provided by taxpayer dollars.

42.     By supporting policies which have resulted in the deaths of 50,000,000 innocent lives, Barack Obama fails to understand the eternal truth of "loving your neighbor as yourself."

43.     Throughout history, the people of God have always been a public prophetic witness against injustice and "spoken truth to power."  Many examples of this are found in Scripture and throughout church history:

a.      In 2 Samuel 12:1:7, the prophet Nathan confronted King David for his sin of adultery with Bathsheba and the murder of her husband Uriah.

b.      In Mark 6:17-28, the prophet John the Baptist confronted King Herod for having an adulterous relationship with his brother's wife.

c.      It is in that "prophetic spirit" that God is calling the church to prayerfully challenge President Obama on his radical support for abortion in Washington, D.C. this January.

44.     Together with Kaitlin Clare Mahoney, the CDC, Survivors, and Cheryl Conrad, Mahoney decided to use a chalk art demonstration to express prayers, thoughts, views and hopes to then-to-be President Obama on the important civil rights, political and religious issue of legalized abortion.

45.     Plaintiffs have used chalk art on many occasions previously as part of their public prayer vigils, demonstrations, protests and rallies:

a.      The March for Women's Lives, April 25, 2004:

i.      With the full knowledge, in advance, of the Metropolitan Police Department's Special Operations Division, Mahoney and other CDC participants used chalk to outline body shapes in the street just before the march contingents approached on Constitution Avenue and on 15th Street in the District of Columbia.

ii.     At the time when Plaintiffs actually entered the street and engaged in the chalk art demonstration, they were in the personal physical presence of then Chief of Police Charles Ramsey, who allowed them to carry out the activity.

b.      Sojourners Poverty Conference, week of June 1, 2007:

i.      The Christian group Sojourners sponsored a week-long conference on poverty, here in the District of Columbia.

ii.     As part of that conference, Sojourners conducted an assembly at George Washington University, featuring Senators Hillary Clinton, John Edwards and Barack Obama.

iii.     Because all three of those Senators and candidates publicly support legalized abortion, the CDC, Kaitlin Clare and Mahoney decided to conduct a prayer vigil and demonstration to proclaim the message that "Abortion is Poverty."

iv.     Prior to the event, Mahoney communicated to representatives of the Special Operations Division of the Metropolitan Police Department the plan to include chalk art as part of the demonstration.

v.      That plan was approved.

vi.     During that demonstration, some members of the public that approached the venue to attend the program objected to the chalk art demonstration and tried to have it stopped.

vii.    Special Operations Division personnel on the scene at the time intervened in the situation, confirmed that Reverend Patrick Mahoney, Kaitlin Clare Mahoney and the CDC were permitted to conduct the chalk art demonstration, and kept them from being molested while they completed their demonstration.

c.   Doctor Wenyi Wang Solidarity Protest.

i.      In April 2006, Dr. Wenyi Wang was arrested at the White House during remarks by the Communist Chinese president on the White House Lawn.

ii.     Dr. Wang sought to bring attention to the plight, in Communist China, of members and adherents of Falun Gong.

iii.    Mahoney was shocked and disappointed at the treatment of Dr. Wang, and together with others, Mahoney went to the street in front of the White House,

on Pennsylvania Avenue.

    iv.    While at that location, with others in agreement and joining him, Mahoney wrote messages of solidarity and support for Dr. Wang and the persecuted members and adherents of Falun Gong in Communist China.

    v.    At that time and at that location, Mahoney was approached by police personnel, whom he believes to have been uniformed Secret Service officers.

    vi.    They allowed Mahoney, and those with him, to conduct their chalk art demonstration.

46.    January 22nd is the anniversary date of the Supreme Court's decision in Roe v. Wade.

47.    Each year on that date, thousands and thousands of Americans travel to Washington, or to their state Capitols, to memorialize the lives lost to legalized abortion and to express continued opposition to the civil rights wrong that legalized abortion inflicts on prenatal children.

48.    As a consequence, many like-minded individuals will be in the metropolitan Washington, DC area for the commemorations on January 22, 2009.

49.    With that in mind, Plaintiffs decided to organize and conduct their chalk art demonstration on Saturday, January 24, 2009.

50.    The chalk art demonstration with its associated contemplative and prayerful witness, that is suppressed and/or threatened to be suppressed by the District of Columbia, as described in this Complaint, will occur or did occur on a public street, Pennsylvania Avenue Northwest, in Washington, the District of Columbia.

51.    The precise location of the planned activity is on the street surfaces (but not the granite slabs) of Pennsylvania Avenue, between its intersections with 15th Street NW and 17th Street NW.

52.     Pennsylvania Avenue is continuous through the neighborhood and in the City of Washington.

53.     That street is regularly used by the public for passage through the vicinity and in the City of Washington.

54.     In all meaningful respects, that public street is indistinguishable from other public streets in the City of Washington.

55.     During the administration of President Clinton, vehicular travel on that portion of Pennsylvania Avenue was ended, causing disruption of traffic and inconvenience to the residents of Washington.

56.     That portion of Pennsylvania Avenue now, although it still looks much like a typical street, is, in fact, a broad, pedestrian promenade that is as much a sidewalk as those public sidewalks adjacent to the United States Supreme Court and the public sidewalk adjacent to the parade route used for presidential inaugurals along Pennsylvania Avenue.

57.     With these plans in mind, Mahoney contacted undersigned counsel and directed them to correspond with the District of Columbia's Metropolitan Police Department regarding their plan.

58.     Counsel sent correspondence to the General Counsel of the Metropolitan Police Department on November 24, 2008. See Exhibit 1, Attachment 1.

59.     When no response was received regarding that correspondence, counsel sent a follow up letter on December 10, 2008. See Exhibit 1, Attachment 2.

60.     In response to that letter, General Counsel Ryan wrote and advised that the proposed demonstration was being reviewed by the MPD's Special Operations Division ("SOD"). See Exhibit 1, Attachment 3.

61.     On January 7, 2009, Commander Crane, of the MPD SOD, prepared a letter responding to

counsel's correspondence, and that letter was hand-delivered to counsel on January 8, 2009. See Exhibit 1, Attachment 4.

62.     In that letter, Commander Crane requested additional information for the development of a demonstration permit, included an application form, but stated that chalking would not be allowed for the stated reason that chalking on the streets would constitute defacing of public property in violation of D.C. Code § 22-3312.01. See Exhibit 1, Attachment 4.

63.     D.C. Code § 22-3312.01 makes it a crime within the District of Columbia to engage in enumerated activities, including "to write, mark, draw, or paint, without the consent . . . of the person having charge, custody, or control thereof, any word, sign, or figure upon . . . [a]ny property, public or private . . ."

64.     D.C. Code § 22-3312.01 provides no standards or other criteria by which District officials are to be guided in determining whether to grant or deny consent to engage in the enumerated activities.

65.     On January 9, 2009, counsel sent further correspondence to the MPD General Counsel. See Exhibit 1, Attachment 5.

66.     On January 12, 2009, after business hours, MPD SOD Lieutenant Emmerman faxed and emailed to counsel a permit for Plaintiffs' demonstration planned for January 24, 2009.

67.     The permit expressly prohibits chalk art. See Exhibit 1, Attachment 6.

68.     Plaintiffs have used chalk art as a form of expression for many years in the District of Columbia, and also at prayer vigils and demonstrations elsewhere in the United States.

69.     One recent example elsewhere was a chalk art demonstration during the Democratic National Convention in Denver, Colorado, in August, 2007.

70.     Plaintiffs want to conduct the planned chalk art demonstration on January 24, 2009.

71.     Plaintiffs have announced the planned demonstration and invited participants.

72.     The assertion that Plaintiffs' planned activity is criminal carries with it the clear threat of criminal prosecution.

73.     That threat chills Plaintiffs and those who would otherwise join them from the exercise of their rights.

74.     Plaintiffs plan to continue to conduct prayer vigils, demonstrations, protests and related activities in the District of Columbia regularly into the foreseeable future.

75.     That plan is not speculative or fantasy; Plaintiffs have an extended track record of using their rights to expression, assembly, free exercise of religion, and free press here in the Nation's Capitol for twenty years.

76.     Threats of arrests and criminal prosecutions for Plaintiffs' planned chalk art demonstration are disturbing because the District of Columbia government actively encourages, sponsors and supports public chalk art events on the sidewalks, streets and public properties of the District of Columbia.

77.     The contents of the official internet website of the Government of the District of Columbia are found at the URL: http://www.dc.gov.

78.     On the homepage for the DC Government website there is a small search engine that allows users to search by terms for items of interest.

79.     Entering the term "chalk" in that search engine results in a search response that links numerous documents on the DC website related to the sponsorship and conduct of chalk art contests and activities by the District of Columbia.

80.     One linked document describes the sponsorship of the Mayor's Office of Asian and Pacific Island Affairs, for the past three years, of an annual chalk art contest. See Exhibit 1, Attachment 7.

81.     One linked document references the participation and sponsorship of the Public Library System of the District of Columbia in an annual event, "Chalk4Peace" since 2005. See Exhibit 1, Attachment 8.

82.     The linked documents included registration forms for the activities, announcing dates, times, locations and, where relevant, prizes. See Exhibit 1, Attachments 8, 9.

83.     Other linked documents include newsletters of the District of Columbia Government reporting on the successful completion of those chalk art events. See Exhibit 1, Attachments 10 through 16.

84.     The District of Columbia, through its public library system, sponsored, promoted, and conducted the 2006, 2007, and 2008 Chalk4Peace events at the Dr. Martin Luther King, Jr., branch library. See Exhibit 1, Attachments 17 through 19.

85.     Not only does the District of Columbia Government act as an official sponsor of, promoter of, and participant in, chalk art events, it also tolerates open and flagrant instances of chalk art demonstrations other than those of Plaintiffs.

86.     One recent example of such open, flagrant and tolerated chalk art demonstrations took place during the same 2008 Chalk4Peace, on the public sidewalks adjacent to 2021 14th Street, NW, in the District of Columbia.

87.     On that occasion, an internet café, restaurant, pub, and performance space, transacting business as "Busboys and Poets" participated in the 2008 Chalk4Peace by sponsoring a chalk art demonstration on the sidewalk outside the establishment. See Exhibit 1, Attachment 20.

88.     Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors fear that without the aid of this Court the defendants will continue to abridge their federal constitutional and statutory rights without legal justification.

<u>AVERMENTS OF LAW</u>

89.     The United States Constitution protects from governmental infringement the right to free exercise of religion and the right to freedom of speech.

90.     D.C. Code § 5-331, the District of Columbia First Amendment Rights and Police Standards Act of 2004, protects from governmental infringement the right to freedom of speech.

91.     Title 42 U.S.C. § 2000bb, the Religious Freedom Restoration Act, as amended by Title 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act, protects from governmental infringement the right to religious freedom.

92.     The defendants, therefore, knew or should have known that their threatened conduct, described in the foregoing Allegations of Fact, would violate the federal constitutional and statutory rights of the Plaintiffs.

93.     The threat of criminal sanctions against Plaintiffs for engaging in a peaceful speech demonstration injures rights protected by the United States Constitution, the D.C. First Amendment Rights and Police Standards Act of 2004, and the Religious Freedom Restoration Act.

94.     There is no adequate remedy at law for the injuries threatened against the Plaintiffs.

<u>CLAIMS OF INJURY</u>

FIRST CAUSE OF ACTION: VIOLATION OF RIGHTS GUARANTEED
BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

95.     The facts stated in paragraphs 1 through 94 are incorporated herein by reference as though fully set out.

96.     D.C. Code § 22-3312.01 regulates the writing, marking, drawing and painting of words, signs and figures, all quintessential forms of speech activity, allowing such activities when permission is granted and prohibiting them when permission is withheld.

97.     D.C. Code § 22-3312.01 regulates these speech activities as they occur on public properties, including streets and sidewalks, which constitute quintessential public forums.

98.     D.C. Code § 22-3312.01, by requiring permission prior to engaging in certain specified speech activities in public forums, is a classic prior restraint on speech.

99.     By vesting the officials who have charge, custody or control over public property in the District with vast, standardless and unbridled discretion to deny permission to individuals wishing to engage in certain speech activities, D.C. Code § 22-3312.01 violates rights constitutionally protected by the Free Speech Clause of the First Amendment.

        WHEREFORE Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the Court grant them the relief set out below in the demand for judgment.

SECOND CAUSE OF ACTION: VIOLATION OF RIGHTS GUARANTEED
BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

100.    The facts stated in paragraphs 1 through 99 are incorporated herein by reference as though fully set out.

101.    The public street at issue in this matter is a paradigm of the traditional public forum.

102.    The expressive activities planned by Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors constitute the exercise of the right to freedom of speech, and of religion.

103.    The expressive activities planned by Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors consist of speech constitutionally protected by the First Amendment to the United States Constitution.

104.    By threatening to apply a provision of the criminal code of the District of Columbia to the Plaintiffs' expressive activities, the defendants threaten to violate, Mahoney's, Kaitlin Clare's, the CDC's, Conrad's and Survivors' right to freedom of speech guaranteed by the First Amendment.

105.    The free exercise of religion is guaranteed to Plaintiffs by the First Amendment to the United States Constitution.

106.    By threatening to apply a provision of the criminal code of the District of Columbia to the Plaintiffs' expressive activities, the defendants threaten to violate, Mahoney's, Kaitlin Clare's, the CDC's, Conrad's and Survivors' right to the free exercise of religion guaranteed by the First Amendment to the United States Constitution.

WHEREFORE  Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the Court grant them the relief set out below in the demand for judgment.

THIRD CAUSE OF ACTION: VIOLATION OF RIGHTS GUARANTEED BY
TITLE 42 U.S.C. § 2000bb, THE RELIGIOUS FREEDOM RESTORATION ACT

107.    The facts stated in paragraphs 1 through 106 are incorporated herein by reference as though fully set out.

108.    The demonstration planned to be conducted by Reverend Patrick Mahoney, Kaitlin Clare

Mahoney, the CDC, Conrad and Survivors are religious exercises compelled by the tenets of their religious faith.

109.    The threat of criminal sanctions for engaging in this demonstration substantially burdens the exercise of Mahoney's, Kaitlin Clare's, the CDC's, Conrad's and Survivors' religious faith.

110.    No compelling government interest justifies the threat of criminal sanctions here.

111.    The threat of criminal sanctions is not the least restrictive means available to secure any compelling government interest at stake here.

112.    The threat by the defendants of criminal sanctions against Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors for their planned demonstration has violated the rights guaranteed to Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors by Title 42 U.S.C. § 2000bb, the Religious Freedom Restoration Act.

WHEREFORE Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the Court grant them the relief set out below in the demand for judgment.

FOURTH CAUSE OF ACTION: VIOLATION OF RIGHTS GUARANTEED
BY THE DISTRICT OF COLUMBIA FIRST AMENDMENT RIGHTS AND
POLICE STANDARDS ACT OF 2004

113.    The facts stated in paragraphs 1 through 112 are incorporated herein by reference as though fully set out.

114.    The joint demonstration planned by Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors  constitutes a First Amendment assembly for speech activity.

115.    The application by the defendants of D.C. Code § 22-3312.01 to the planned demonstration of Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors, when District officials have previously permitted such demonstrations on public property, raises the specter

of content-based discrimination in an assembly restriction, in violation of rights protected by the District of Columbia First Amendment Rights and Police Standards Act of 2004, D.C. Code § 5-331.04.

WHEREFORE Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the Court grant them the relief set out below in the demand for judgment.

<u>DEMAND FOR JUDGMENT</u>

On their foregoing causes of action, Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray that the Court grant them relief as set forth below:

116.   Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the entry of injunctive relief <u>pendente lite</u>, to secure the status quo ante.

117.   Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray that the injunctive relief take the form of injunctive orders barring the District of Columbia, Chief Lanier, and all persons in active concert with any of them who have actual notice of the terms of the injunctive orders, from denying Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors the right to have access to the disputed public street for the purpose of conducting a peaceful demonstration, including the creation of words and images with chalk on the public ways within the District.

118.   Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the entry of a declaratory judgment.

119.   Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray that the declaratory relief sought in the preceding paragraph take the form of a Judgment declaring that the conduct of defendants complained of herein constitutes a violation of

the federal constitutional and statutory rights of Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors.

120.    Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the entry of an order granting to them their costs, including a reasonable award of attorneys fees, pursuant to Title 42 U.S.C. § 1988, the Religious Freedom Restoration Act.

121.    Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray the entry of an order granting to them their costs, including a reasonable award of attorneys fees, pursuant to Title 28 U.S.C. § 2412, the Equal Access to Justice Act.

122.    Reverend Patrick Mahoney, Kaitlin Clare Mahoney, the CDC, Conrad and Survivors respectfully pray that the Court grant such other and further relief as it deems just in the circumstances.

DATED: Friday, January 16, 2009.

Respectfully submitted,

James Matthew Henderson Sr.
(D.C. Bar # 452639)
*Counsel of Record for the Plaintiffs*
Carly F. Gammill (D.C. Bar # 982663)*
The American Center for Law and Justice
201 Maryland Avenue NE
Washington, DC  20002
(202) 546-8890

*Motion Pro Hac Vice Filed Herewith

## VERIFICATION OF COMPLAINT

I, Patrick J. Mahoney, on this 16th day of January, in the year of our Lord Two Thousand and Nine, hereby declare under the penalties of perjury of the City of Washington, District of Columbia, that the factual statements contained in the foregoing Complaint are known by me to be true and correct.

Reverend Patrick J. Mahoney

I, Kaitlin Clare Mahoney, on this 16th day of January, in the year of our Lord Two Thousand and Nine, hereby declare under the penalties of perjury of the City of Washington, District of Columbia, that the factual statements contained in the foregoing Complaint are known by me to be true and correct.

Kaitlin Clare Mahoney